## In re "BENDECTIN" PRODUCTS LIABILITY LITIGATION.

### MDL No. 486.

United States District Court,
S.D. Ohio, W.D.

June 18, 1984.

Thomas H. Bleakley, Detroit, Mich., Stanley M. Chesley, Cincinnati, Ohio, Allen T. Eaton, Washington, D.C., George A. Kokus, Miami, Fla., James G. Butler, Los Angeles, Cal., for plaintiffs.

Frank C. Woodside, III, Vincent B. Stamp, Cincinnati, Ohio, for defendant.

### ORDER CERTIFYING CLASS

CARL B. RUBIN, Chief Judge.

This matter is before the Court on the Motion of defendant Merrell Dow Pharmaceuticals, Inc. to certify a class for purposes of settling claims arising out of the use of the product known as Bendectin. Before dealing with the specific prerequisites to a class action as set forth in Rule 23 of the Federal Rules of Civil Procedure, some background of this litigation should be considered.

There are currently pending in the Southern District of Ohio over 500 lawsuits con-

cerned with claims arising out of the use of Bendectin. Three hundred fifteen (315) suits were transferred pursuant to 28 U.S.C. § 1407 by the Judicial Panel on Multi-District Litigation under MDL # 486 for purposes of consolidating pre-trial discovery, and 253 have been filed in the Southern District of Ohio. In addition, there are approximately 149 suits filed in various state courts which have not been consolidated into any action pending in any federal court.[1] There is also a potential for additional suits that may arise from the continued use of Bendectin.[2] There is a practical aspect to this litigation that must be recognized. Even though this Court has consolidated for joint trial all of the cases filed in the Southern District of Ohio and those assigned under MDL 486 where there was an agreement to proceed in the Southern District of Ohio (Order No. 1066), the numbers involved suggest litigation that could extend over the next decade.

The Bendectin litigation is but one example of massive product liability lawsuits involving large numbers of plaintiffs, protracted trials and substantial litigation costs. The traditional court system is simply unequipped to handle such litigation in a conventional manner without materially depleting the judicial resources available for all other litigation.[3] It is theoretically possible to assign sufficient judicial time to hear these cases promptly but only at the cost of further delay in an already overburdened system. The cost to the parties of litigating these cases under current procedures is such that few plaintiffs could afford the expense or the delay. Justice is not served by erecting tollgates at the courthouse door.

There is a solution. The resolution of disputes does not necessarily require trial. Within the judicial authority of this Court is a means whereby the parties might be assisted in reaching a prompt and equitable disposition of the entire problem. That solution involves a limited use of Rule 23 of the Federal Rules of Civil Procedure. A class certification would enable any proposed settlement to be presented to all class members and by them either accepted or rejected.[4]

With the foregoing in mind, a consideration of Rule 23 is now appropriate.

Rule 23 permits a member of a class to sue as a representative party of: (1) a class so numerous that joinder of all members is impracticable, (Rule 23(a)(1), Fed.R.Civ.P., [Numerosity]; (2) with common questions of law or fact, (Rule 23(a)(2), Fed.R.Civ.P. [Commonality]; (3) where the claims of the representatives are typical of the claims of the class, (Rule 23(a)(3), Fed.R.Civ.P., [Typicality]; and (4) where such representative party will fairly and adequately protect the interests of the class (Rule 23(a)(4), Fed.R. Civ.P. [Fair Representation].

If the foregoing are satisfied, there must be in addition the existence of a fact situation described in Rule 23(b)(1), (2) or (3).

For purposes of this discussion, the Court will limit its consideration to Subsection (b)(1) and (b)(2) which contain the following language:

1. Thirty nine (39) of such cases appear to be duplicates of cases currently pending in federal court.

2. Bendectin was removed from the market in June of 1983. It is probable that all children whose mothers ingested Bendectin while it was available as a prescription drug have now been born. It is equally probable that Bendectin tablets may still be available either from doctor's samples or from prescriptions previously given and retained by individuals. It is also probable that the use of Bendectin has been substantially reduced since June of 1983 and that it will be used less and less as time passes.

3. For the identified over 700 cases, a full trial on each would probably require at least 30 trial days. Two Bendectin cases have already been tried. One required two trials of 44 and 45 days each. The other required 20 trial days. Assuming 200 trial days available per year per Judge, disposition of the present Bendectin cases at the trial level alone might require 21,000 trial days or the equivalent of 105 Judge years, i.e., one Judge for 105 years or 105 Judges for one year.

4. This Court has previously determined (Order of Consolidation and Separation dated Nov. 23, 1983 Doc. No. 1066) that a class action under Rule 23 was not the appropriate way to consolidate these cases for *trial*. That Order will stand.

(1) the prosecution of separate actions by individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class and

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted ... on grounds generally applicable to the class, thereby making appropriate final ... declaratory relief with respect to the class as a whole;

## I. PREREQUISITES TO A CLASS ACTION

*"Numerosity"—23(a)(1)*

We deal with a class in excess of 700. The United States Court of Appeals for the Sixth Circuit has previously held that a class of 35 was sufficient to meet the numerosity requirement. *Afro American Patrolmens League v. Duck,* 503 F.2d 294 (6th Cir.1974).

*"Commonality"—23(a)(2)*

Since all plaintiffs allege injuries from the use of Bendectin, the questions of law as to liability at least would be common to all such persons.

All plaintiffs would share a common interest in any proposed settlement fund.

*"Typicality"—23(a)(3)*

In terms of liability alone, every plaintiff's claim is typical of all plaintiffs' claims.

*"Fair Representation"—23(a)(4)*

Any proposed settlement for both present and future claimants creates a potential conflict of interest. In order to protect these interests, two subclasses are necessary, each with its own representative. There are those persons who have

already filed suits. Their interests can be protected by the previously appointed Committee of Lead Counsel who are experienced in tort litigation, class action litigation and presentation of mass product liability cases.

To protect those who may file suits in the future, the Court will appoint a Guardian *Ad Litem* instructed to insure that their interests will be represented.

In view of the foregoing, the Court finds that each of the prerequisites of Rule 23(a), Fed.R.Civ.P. have been met. The Court further finds that the requirements of Rule 23(b)(1)(A) & (B) have likewise been met.

Continued case by case determinations will inevitably result in varying adjudications which will impose inconsistent standards of conduct upon the defendant, *Hernandez v. Motor Vessel Skyward,* 61 F.R.D. 558 (S.D.Fla.1973); *aff'd mem.,* 507 F.2d 1278 (5th Cir.1975); *Coburn v. 4-R Corp.,* 77 F.R.D. 43 (E.D.Ky.1977), *petition for mandamus denied sub. nom. Union Light, Heat & Power Co. v. United States District Court,* 588 F.2d 543 (6th Cir.1978), *cert. dismissed,* 443 U.S. 913, 99 S.Ct. 3103, 61 L.Ed.2d 877 (1979), the prerequisites of Rule 23(b)(1)(A) have been met. The Court likewise finds that there is a risk that a limited fund may exist from which judgments can be satisfied. The requirements of Rule 23(b)(1)(B) may therefore also have been met. *See Coburn,* 77 F.R.D. at 45.

Accordingly, pursuant to the provisions of Rule 23(b)(1) of the Federal Rules of Civil Procedure, a class is hereby certified which is described as follows:

All persons residing in the United States or in territorial possessions of the United States or on active duty in the service of the United States who (a) were or are exposed to Bendectin *in utero* and (b) were or are stillborn or were or are born with one or more birth defects including any type of congenital disease or disorder whenever manifested or detected (or the executors or administrators of the estates of such persons, if deceased) as to whose claims applicable statutes of limitations have not run as of June 18,

1984, the date of this Order, together with any parents or legal guardians of such persons having derivative claims or claims in their own right as to which applicable statutes of limitation have not run as of such date.

This class will be divided into two subclasses as follows:

Subclass A: Any class member who has filed suit as of June 18, 1984 in any state or Federal court.

Subclass B: Any class member who has not yet filed suit as of June 18, 1984.

Subclasses may be divided into additional subclasses in the future.

Pursuant to Rule 23(d)(2), the Court may order notice to be given to class members in the event a settlement proposal warrants such action. The foregoing shall be conditional only and may be altered or amended at any time.

IT IS SO ORDERED.